1   **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   United States of America,               )    CR-05-870-PHX-DGC
                                             )
10              Plaintiff,                    )    **ORDER**
                                             )
11                                           )
     vs.                                     )
12                                           )
                                             )
13   Jennifer R. Clason; Jeffrey A. Kilbride; )
     and James R. Schaffer,                   )
14                                           )
              Defendants.                     )
15                                           )
                                             )
16   _____    )

17

18         Pending before the Court are five pretrial motions filed by Defendant Jeffrey Kilbride:

19   motion to sever count nine, motion for judicial review and disclosure of *Brady* material,

20   motion for hearing to determine admissibility of alleged co-conspirator statements, motion

21   for hearing to determine admissibility of co-defendant's out-of-court statements, and motion

22   to strike surplusage from count eight. Dkt. ##70-74. The Government has filed responses

23   to the motions and Defendant has filed replies. Defendant has requested oral argument on

24   the motions. The request is denied because the parties have thoroughly discussed the law and

25   evidence and oral argument will not aid the Court's decisional process.

26   **I.     Background.**

27         Unsolicited commercial e-mail is commonly known as "spam." On December 16,

28   2003, President George W. Bush signed into law the Controlling the Assault of Non-

1   Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM Act"), Pub. L. 108-187,

2   117 Stat. 2619 (codified at 15 U.S.C. §§ 7701-7713 and 18 U.S.C. § 1037).  The Act went

3   into effect on January 1, 2004.  *Id.* § 16.  One of the purposes of the Act is to prohibit senders

4   of spam e-mail from deceiving intended recipients as to the source or subject matter of the

5   e-mail.  *See* S. REP. NO. 108-102, at 1 (2003), *reprinted in* 2004 U.S.C.C.A.N 2348.

6            Defendant Kilbride and two of his alleged co-conspirators, Jennifer Clason and James

7   Schaffer, were indicted on August 25, 2005.  Dkt. #1. The indictment asserts nine counts.

8   Counts one through three allege that between January 1, 2004 and April 12, 2005,

9   Defendants conspired to send over the Internet unsolicited commercial e-mail that contained

10  embedded pornographic images.  Defendants are charged with  knowingly falsifying header

11  information in the spam e-mail in violation of 18 U.S.C. § 1037(a)(3) and registering Internet

12  domain names using information that materially falsified the identity of the actual registrant

13  in violation of 18 U.S.C. § 1037(a)(4).  *Id.* at 2-14.  Counts four and five allege that

14  Defendants Kilbride and Schaffer violated 18 U.S.C. § 1462 by knowingly using an

15  interactive computer service to transport obscene images in interstate commerce.  *Id.* at 14.

16  Counts six and seven allege that Defendants Kilbride and Schaffer violated 18 U.S.C. § 1465

17  by knowingly causing obscene images to be transported in interstate commerce for the

18  purpose of sale and distribution.  *Id.* at 14-15.  Count eight charges Defendants Kilbride and

19  Schaffer with conspiracy to launder money instruments in violation of 18 U.S.C. § 1956(h).

20  *Id.* at 15-18.  Count nine charges Defendant Schaffer with record keeping violations under

21  18 U.S.C. § 2257(f) with respect to three pornographic Internet sites.  *Id.* at 18-19.

22  **II.     Motion to Sever Count Nine.**

23           Defendant Kilbride seeks to sever count nine from the other counts in the indictment

24  for purposes of trial pursuant to Rule 14 of the Federal Rules of Criminal Procedure.

25  Dkt. #70.  Defendant argues that count nine should be severed because it is asserted only

26  against Defendant Shaffer, it does not relate to counts one through eight either factually or

27  legally, and it would be highly prejudicial to Defendant to permit the Government to

28  introduce at trial evidence regarding the three pornographic websites allegedly operated by

1  Defendant Shaffer.  *Id.*  The Government does not oppose the severance of count nine.
2  Dkt. #87.

3  Rule 14 provides that if the joinder of counts in an indictment "appears to prejudice
4  a defendant or the government, the court may order separate trials of counts[.]"  Fed. R.
5  Crim. P. 14(a).  The Court will exercise its discretion under Rule 14 and sever count nine for
6  purposes of trial.  Given this ruling, the Court need not address Defendant's argument that
7  the joinder of count nine with the other counts in the indictment was improper under Rule
8  8(a).

9  "There is a high risk of undue prejudice whenever joinder of counts allows evidence
10  of other crimes to be introduced in a trial of charges with respect to which the evidence
11  would otherwise be inadmissible."  *United States v. Lewis*, 787 F.2d 1318, 1320 (9th Cir.
12  1986) (citation omitted).  In this case, count nine relates solely to Defendant Schaffer's
13  alleged operation of three pornographic websites.  The alleged websites contained visual
14  depictions of sexually explicit conduct.[1]  Count nine alleges that the websites failed to
15  contain a statement describing where records pertaining to the performers of the sexually
16  explicit conduct were located in violation of 18 U.S.C. § 2257(f).  Dkt. #1 at 18.  Defendant
17  Kilbride asserts that pages of the websites disclosed by the Government contain sexually
18  explicit images and that the Government will seek to introduce these images, as well as the
19  names of the websites, at trial.  Dkt. #70 at 4-5.

20  The Court concludes that evidence of the websites described in count nine would be
21  prejudicial to Defendant Kilbride.  The evidence likely would not be admissible in a trial
22  limited to counts one through eight of the indictment.  *See Lewis*, 787 F.2d at 1318.  Given
23  the sexually explicit nature of the evidence, its introduction at trial could prejudice Defendant
24  Kilbride, particularly in light of counts four through seven which charge both Defendants
25  Kilbride and Schaffer with sending two obscene images over the Internet.  *Id.* at 14-15.  The

26

27  [1]The term "sexually explicit conduct" means actual sexual intercourse, bestiality,
28  masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic
area of any person.  18 U.S.C. § 2257(h)(1) (citing 18 U.S.C. § 2256(2)(A)(i)-(v)).

1    prejudice would be difficult to cure by way of limiting jury instructions and is not

2    outweighed by the judicial economy of a single trial.

3         The Court will grant Defendant Kilbride's motion to sever count nine for purposes of

4    trial.  Counts one through eight will be tried first.  The trial on counts one through eight

5    will be held on June 5-7, 12-14, 19-22, 2007.  *See* Dkt. ##160-61.  The trial schedule with

6    respect to count nine will be addressed at the status conference set for April 13, 2007.  *See*

7    *id.*

8    **III.    Motion for Judicial Review and Disclosure of *Brady* Material.**[2]

9         Relying on *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988), and *United States*

10   *v. Alvarez*, 358 F.3d 1194 (9th Cir. 2004), Defendant Kilbride requests the Court to review

11   *in camera* the probation files and presentence reports relating to testifying co-conspirators

12   Jennifer Clason, Andrew Ellifson, and Kirk Rogers and to disclose to Defendant all *Brady*

13   material contained therein. Dkt. #71.  Defendant has submitted a proposed order that directs

14   the United States Probation Office to deliver to the Court certain categories of information.

15   *Id.* Attach. 1.   The proposed order provides that the Court will review *in camera* the

16   witnesses' probation files and presentence reports and "disclose to the defense all *Brady*

17   material, including the categories of information set forth [in the order]."  *Id.*

18        The Government has no objection to the Court's *in camera* review of the documents

19   in question. Dkt. #92 at 2.  The Government argues, however, that Defendant's motion and

20   proposed order are overbroad because they incorrectly assert that certain categories of

21   information constitute *per se Brady* material.  *Id.*   The Government contends that certain

22   types of information, such as correspondence between the Government and the Probation

23   Office regarding sentencing issues, is simply not *Brady* material because it does not bear on

24   the witnesses' credibility.  *Id.*

25   / / /

26

27        [2]Following a status conference on March 6, 2007, the Court denied this motion as

28   moot.  Dkt. ##160-61.  Counsel for Defendant subsequently informed the Court that the
     motion was not moot and needed to be ruled on by the Court.

1    Defendant counters that the Government's view of *Brady* material is too narrow, and

2    that under *Alvarez* the Court is required to review entire probation files and disclose to

3    Defendant all *Brady* material contained therein.  Dkt. #95.

4    In *Alvarez*, the Ninth Circuit reaffirmed the holding in *Strifler* that a defendant is

5    entitled to material in a probation file or presentence report "'that bears on the credibility of

6    a significant witness in the case.'"  *Alvarez*, 358 F.3d at 1207 (quoting *Strifler*, 851 F.2d at

7    1201).  "[T]he appropriate procedure with respect to probation files is for the trial judge to

8    conduct an *in camera* review to determine whether they contain discoverable information."

9    *Id.* at 1208 (citing *Strifler*, 851 F.2d at 1201).  With respect to presentence reports, "trial

10   judges have discretion either to make an *in camera* inspection of the materials or to rely on

11   the examination by a probation officer."  *Id.*  Information that is relevant, material, and

12   probative as to the witnesses' credibility must be released to the defendant.  *Id.*

13   In light of *Alvarez* and *Strifler*, the Court will grant Defendant Kilbride's motion.  The

14   Court will direct the Probation Office to deliver to the Court the files and any available

15   presentence reports relating to Clason, Ellison, and Rogers by **April  13, 2007**.  The Court

16   will review the documents *in camera* and will release to Defendant all *Brady* material

17   contained therein by **May 4, 2007**.  If Defendant is aware of specific information contained

18   in the documents, he may argue in favor of its disclosure.  *See Alvarez*, 358 F.3d at 1209

19   n.10.  Any such motion shall be filed by **April 13, 2007**.  The Government shall file a

20   response to any such motion by **April 20, 2007** and Defendant may file a reply by **April 27,**

21   **2007**.

22   **IV.    Motion for Hearing to Determine Admissibility of Alleged Co-Conspirator
        Statements.**

23

24   Defendant Kilbride requests the Court to hold a pre-trial hearing to determine whether

25   the Government has met its burden of proving that out-of-court statements by alleged co-

26   conspirators that refer to Defendant or may be used to incriminate Defendant satisfy the

27   hearsay exception set forth in Rule 801(d)(2)(E) of the Federal Rules of Evidence.  Dkt. #72

28   at 1.  "Under Rule 801(d)(2)(E), the statement of a co-conspirator is admissible against a

1 defendant if the government shows by a preponderance of the evidence that a conspiracy

2 existed at the time the statement was made; the defendant had knowledge of, and participated

3 in, the conspiracy; and the statement was made in furtherance of the conspiracy." *United*

4 *States v. Bowman*, 215 F.3d 951, 960-61 (9th Cir. 2000) (citing *Bourjaily v. United States*,

5 483 U.S. 171, 175 (1987)).  Defendant contends that a pre-trial hearing is necessary due to

6 the complexity of this case, the large number of expected out-of-court statements, and the

7 potential prejudice to Defendant.  *Id.* at 3.  The Government argues that the Court should

8 conditionally admit co-conspirator statements subject to later motions to strike by Defendant.

9 Dkt. #88 at 1-2.

10     The Ninth Circuit has made clear that a district court may admit co-conspirator

11 statements before the existence of a conspiracy is established, with the statements to be

12 stricken from the evidence if the Government ultimately fails to satisfy the foundational

13 requirements.  *See Parente v. United States*, 249 F.2d 752, 754 (9th Cir. 1957); *United States*

14 *v. Zemek*, 634 F.2d 1159, 1169 (9th Cir. 1980); *United States v. Perez*, 658 F.2d 654, 658

15 (9th Cir. 1981).   The Court concludes that a pretrial hearing to determine which co-

16 conspirator statements may be admissible under Rule 801(d)(2)(E) is not necessary in this

17 case.  The Court will deny Defendant's motion.

18 **V.     Motion for Hearing to Determine Admissibility of Co-Defendant's Out-of-Court Statements.**

19

20     Defendant Kilbride requests the Court to hold a pretrial hearing to determine whether

21 out-of-court statements of Defendant Schaffer violate *Bruton v. United States*, 391 U.S. 123

22 (1968).  Dkt. #73.  *Bruton* held that the admission at a joint trial of a non-testifying co-

23 defendant's hearsay statement implicating the defendant violates the defendant's Sixth

24 Amendment right to confrontation, even if the jury is instructed that the statement is

25 admissible only against the co-defendant.  391 U.S. at 126, 128 n.3.  In *Richardson v. Marsh*,

26 481 U.S. 200 (1987), the Supreme Court limited *Bruton* to statements that are facially

27 incriminating and held that the admission of such statements does not violate the

28 Confrontation Clause where the trial court gives a limiting instruction and the statements are

1  redacted to eliminate any reference to the defendant's existence.  481 U.S. at 211.

2  The Government argues that the requested pretrial hearing is unnecessary because any

3  hearsay statements of Defendant Schaffer that the Government intends to admit at trial will

4  be properly redacted in accordance with *Richardson*.  Dkt. #89.  The Government states that

5  shortly before trial it will provide any such statements to the Court for *in camera* review to

6  ensure that the statements have been properly redacted.  *Id.* at 2 (citing Fed. R. Crim. P. 14(b)

7  (providing that the court may review *in camera* any defendant's statement before ruling on

8  a defendant's motion to sever)).

9  Defendant does not dispute that the admission of properly redacted statements would

10  not violate *Bruton*.  Rather, Defendant requests that the Court order the Government to

11  identify the statements in the form it intends to admit them at trial so that Defendant has an

12  opportunity to review the statements and object to their admission prior to trial.  Dkt. #97 at

13  2.  Defendant cites no legal authority in support of this request.

14  The Court concludes that a pretrial hearing to determine the admissibility of

15  Defendant Schaffer's statements is not necessary.  Defendant Kilbride's motion will

16  therefore be denied.  Whether the Court should review the statements *in camera* will be

17  addressed at the April 13, 2007 status conference.

18  **VI.    Motion to Strike Surplusage from Count Eight.**

19  Defendant Kilbride seeks an order striking "surplusage" from count eight pursuant to

20  Rule 7(d) of the Federal Rules of Criminal Procedure.  Dkt. #74.  Defendants Kilbride and

21  Schaffer are charged in count eight with conspiracy to launder money instruments in

22  violation of 18 U.S.C. § 1956(h).  Dkt. #1 at 15-18.  Count eight is based on four separate

23  types of prohibited conduct under § 1956.  *Id.* ¶¶ 2(a)-(d).  The parties agree that an essential

24  element of three of the prohibitions requires that the financial transactions involve "proceeds

25  of specified unlawful activity."  Dkt. ##74 at 1, 102 at 2; *see* Dkt. #1 ¶¶ 2(a), (b), & (d).  The

26  unlawful activity alleged in count eight includes the use of an interactive computer service

27  to transport obscene images in interstate commerce as alleged in counts four and five,

28  causing obscene images to be transported in interstate commerce for the purpose of sale and

1  distribution as alleged in counts six and seven, and the CAN-SPAM Act violations alleged

2  in counts one through three.  Dkt. #1 ¶¶ 2(a) & (d)

3       Defendant Kilbride contends that the indictment fails to allege that property involved

4  in Defendants' financial transactions represented "proceeds" of unlawful activity as required

5  by § 1956 because "no proceeds were generated *directly* from the sending of the e-mails by

6  [D]efendants." *Id.* at 3 (emphasis added).  Defendant claims that the indictment makes clear

7  that the alleged bulk e-mail and obscenity violations ended when Defendants sent the e-

8  mails.  *Id.* at 3.  Defendant further claims that any proceeds Defendants earned came from

9  payments by operators of adult websites under legal marketing programs after an e-mail

10  recipient voluntarily elected to view an adult website.  *Id.* at 3.  Defendant moves to strike

11  the allegedly deficient offenses in paragraphs 2(a), (b), and (d) of count eight as prejudicial

12  and inflammatory.  Defendant moves to strike as irrelevant the allegations regarding the

13  manner of the conspiracy in paragraph 6 and the overt acts described in paragraph 8.  *Id.* at

14  4-5.

15       The Government argues that Defendant's interpretation of "proceeds" is too narrow,

16  noting that Defendant has cited no case where a court has read a "directness" requirement

17  into the definition of "proceeds."  Dkt. #102 at 2.  The Government relies on cases from other

18  jurisdictions for the proposition that a "but for" test is used to determine whether property

19  represents proceeds of unlawful activity.  *Id.* at 3.  Defendant counters that these cases are

20  not controlling and do not relate to money laundering offenses.  Dkt. #109 at 3.

21       "The term 'proceeds' is not defined in the money laundering statute.  In the absence

22  of statutory definition, 'words will be interpreted as taking their ordinary, contemporary,

23  common meaning.'" *United States v. Akintobi*, 159 F.3d 401, 403 (9th Cir. 1998) (quoting

24  *Perrin v. United States*, 444 U.S. 37, 42 (1979)).  Webster's defines "proceeds" as "the total

25  amount brought in (the *proceeds* of a sale); the net amount received (as for a check or from

26  an insurance settlement) after deduction of any discount or charges."  Webster's New

27  Collegiate Dictionary 910 (1981); *see* Merriam-Webster OnLine, *available at* http://www.m-

28  w.com/cgi-bin/dictionary (last visited Mar. 23, 2007) (same).  The Oxford dictionary defines

- 8 -

1  "proceeds" as "[t]hat which proceeds, is derived, or results from something; that which is
2  obtained or gained by any transaction; produces, outcome, profit."   Oxford English
3  Dictionary (2d ed. 1989), *available at* http://dictionary.oed.com (last visited Mar. 23, 2007).
4  Thus, the term "proceeds" has a broader meaning than money "generated directly from" a
5  transaction.  It also refers to the results, product, and outcome of a transaction.  Other courts
6  agree.  *See Akintobi*, 159 F.3d at 403 ("[W]hile the term 'proceeds' may refer to something
7  of value, the term has the broader meaning of 'that which is obtained by any transaction.'
8  The term 'proceeds' is used in the statute to denote property that is derived from an unlawful
9  activity[.]") (citation and alteration omitted); *United States v. Estacio*, 64 F.3d 477, 480 (9th
10  Cir. 1995) (noting that courts have adopted dictionary definitions that define the term broadly
11  and holding that a fraudulently obtained line of credit that resulted in an artificially inflated
12  bank balance constituted "proceeds" under § 1956).

13      The indictment in this case sufficiently alleges that the financial transactions involved
14  "proceeds" of unlawful activity as that term is used in § 1956.  Paragraph 10 of the
15  indictment alleges that Defendants Kilbride and Schaffer "earned commissions from
16  directing Internet traffic to the pornographic [websites] advertised in the spam messages" and
17  that "[t]he businesses operating the [websites] would then pay [Defendants] through
18  arrangements called 'affiliate programs[.]'" Dkt. #1 ¶ 10.  Paragraph 10 further alleges that
19  the more spam messages sent, "the greater the potential for [Defendants] to profit from them"
20  because Defendants "were paid on the number of persons who visited and/or purchased
21  access to the sites as a result of the spam messages." *Id.*  Paragraph 11 alleges that
22  Defendants Kilbride and Schaffer deposited payments received from the pornographic
23  websites into various financial accounts "in order to conceal and disguise the nature,
24  location, source, ownership, and control of the proceeds." *Id.* ¶ 11.

25      Rule 7(d) provides that "[u]pon a defendant's motion, the court may strike surplusage
26  from the indictment[.]"  Fed. R. Crim. P. 7(d).  "The purpose of Rule 7(d) is to protect a
27  defendant against prejudicial or inflammatory allegations that are neither relevant nor
28  material to the charges." *United States v. Ramirez*, 710 F.2d 535, 544-45 (9th Cir. 1983); *see*

1   *United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1988) (same).  In this case, the

2   allegations Defendant Kilbride seeks to have stricken from count eight are both relevant and

3   material to the charges against him.  The Court accordingly will deny his motion to strike.

4   **IT IS ORDERED:**

5   1.   Defendant Kilbride's motion to sever count nine (Dkt. #70) is **granted**.

6   2.   Defendant Kilbride's motion for judicial review and disclosure of *Brady*

7   material (Dkt. #71) is **granted**.

8   3.   Defendant Kilbride's motion for hearing to determine admissibility of alleged

9   co-conspirator statements (Dkt. #72) is **denied**.

10   4.   Defendant Kilbride's motion for hearing to determine admissibility of co-

11   defendant's out-of-court statements (Dkt. #73) is **denied**.

12   5.   Defendant Kilbride's motion to strike surplusage from count eight (Dkt. #74)

13   is **denied**.

14   DATED this 26th day of March, 2007.

David G. Campbell
United States District Judge

- 10 -