1   **WO**

2

3

4

5

6   **IN THE UNITED STATES DISTRICT COURT**

7   **FOR THE DISTRICT OF ARIZONA**

8

9   United States of America,                     )     CR-05-870-PHX-DGC
                                                   )
10                  Plaintiff,                      )     **ORDER**
                                                   )
11                                                 )
    vs.                                            )
12                                                 )
    Jennifer R. Clason; Jeffrey A. Kilbride;        )
13  and James R. Schaffer,                          )
                                                   )
14                  Defendants.                     )
                                                   )

15

16       Defendant Jeffrey Kilbride has filed a renewed motion for a bill of particulars. Dkt.

17  #166.  The Court has reviewed the memoranda filed by the parties.  Dkt. ##166, 174.  For

18  reasons discussed below, the Court will deny the motion.

19  **I.     Background.**

20       Defendant was charged with three counts involving violations of the Controlling the

21  Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM Act"), Pub.

22  L. 108-187, 117 Stat. 2619 (codified at 15 U.S.C. §§ 7701-7713 and 18 U.S.C. § 1037). Dkt.

23  #1. Defendant now moves the Court to order the Government to file a bill of particulars with

24  the following information:

25       1. As to Count One of the Indictment for Conspiracy, identification of:

26            (a) how the manner in which electronic messages were sent would
        impair the ability of recipients, Internet service providers processing the
27        messages on behalf of recipients, and law enforcement agencies to identify,
        locate or respond to the senders;

28

1   (b) the reasons why the header information was materially false (Indictment ¶ 3);

2   2. As to the Overt Acts in Count 1 of the Conspiracy, identification of the reasons why the
3   registration information associated with these IP addresses and domain names was materially false.

4   3. As to Count 2 of the Indictment, identification of the manner in which the header
    information was materially false.

5

6   4. As to Count 3 of the Indictment, identification of the manner in which the registration
    information was materially false.

7   Dkt. #166 at 2.

8   **II.     Legal Standard.**

9         Under Federal Rule of Criminal Procedure 7(f), "[t]he court may direct the filing of

10   a bill of particulars" if "made before arraignment or within ten days after arraignment or at

11   such later time as the court may permit."  Typically, "[a] motion for a bill of particulars is

12   appropriate where a defendant requires clarification in order to prepare a defense." *United*

13   *States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).  The purposes of a bill of particulars are

14   threefold:

15         to inform the defendant of the nature of the charge against him with sufficient
           precision to enable him to prepare for trial, to avoid or minimize the danger of
16         surprise at the time of trial, and to enable him to plead his acquittal or
           conviction in bar of another prosecution for the same offense when the
17         indictment itself is too vague, and indefinite for such purposes.

18   *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (quoting *United States v.*

19   *Birmley*, 529 F.2d 103, 108 (6th Cir. 1976)).

20         The Supreme Court has held that "an indictment is sufficient if it, first, contains the

21   elements of the offense charged and fairly informs a defendant of the charge against which

22   he must defend, and, second, enables him to plead an acquittal or conviction in bar of future

23   prosecutions for the same offense." *United States v. Chenaur*, 552 F.2d 294, 301 (9th Cir.

24   1977) (citing *Hamling v. United States*, 418 U.S. 87, 117-18 (1973)).  The statutory language

25   "may be used in the general description of the offense, but it must be accompanied with such

26   a statement of facts and circumstances as will inform the accused of the specific offense,

27   coming under the general description, with which he is charged." *Id.*

28         In determining whether a bill of particulars is required, the district court should

- 2 -

1   consider whether the defendant has been advised adequately of the charges against him in

2   the indictment and all other disclosures made by the government. *Long*, 706 F.2d at 1054.

3   A defendant "is not entitled to know all the *evidence* the government intends to produce, but

4   only the *theory* of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th

5   Cir. 1986) (emphasis in original). A bill of particulars is not the proper vehicle for a

6   defendant to obtain the names of any unknown co-conspirators, to determine the exact date

7   on which the conspiracy allegedly occurred, or to delineate all other overt acts that comprised

8   the charged activity. *United States v. Dicesare*, 765 F.2d 890, 897 (9th Cir.), *amended by*

9   777 F.2d 543 (9th Cir. 1985).

10  **III.    Discussion.**

11          This case will involve one of the first trials under the CAN-SPAM Act, which

12  prohibits materially falsified header information and domain registration information used

13  in the sending of spam email. 18 U.S.C. § 1037(a). Defendant argues that the complexity

14  of the case and the lack of precedent regarding what constitutes materially false header or

15  domain name registration entitles him to a bill of particulars explaining "why the header

16  information or domain name registration was materially false." Dkt. #166 at 4. Although

17  Defendant seeks a bill of particulars for Counts I-III of the indictment, his explanation of the

18  deficiencies of the indictment is limited to Count I. *Id*. at 4.

19          United States District Judge Roger Strand previously denied Defendant's motion for

20  a bill of particulars because, as Defendant states, the Government had complied with

21  Defendant's discovery requests. *See id*. at 1. Defendant now claims that the "voluminous

22  documents produced in discovery do not serve to answer fundamental questions that arise

23  from the indictment." *Id*. at 3.

24          Contrary to Defendant's assertions, the indictment contains sufficient information

25  regarding the allegations that Defendants transmitted spam email with materially false header

26  and domain name registration information in a manner that would make it difficult to identify

27  or locate the sender. For example, the indictment alleges that "the spam messages

28  themselves failed to truthfully disclose their origin . . . or subject matter . . . and were sent

1    from . . . addresses registered the Kingdom of the Netherlands and at least 194 domain names

2    registered in the Republic of Mauritius."   Dkt. #1 ¶ 5.   The indictment alleges that

3    Defendants created a variety of business entities, named specifically in the indictment, to

4    disguise the sending of spam email.   *Id*. ¶¶ 7-8.   Paragraph 12 of the indictment alleges

5    multiple overt acts, including specific dates or date ranges during which those acts occurred,

6    that include actions Defendants took to make it difficult for email recipients, law

7    enforcement officials and others to identify or respond to the senders.   These facts

8    sufficiently inform Defendant of the specific offenses with which he is charged.   *See*

9    *Chenaur*, 552 F.2d at 301.

10    The discovery provided by the Government supplements the indictment and further

11    clarifies the charges against Defendant.   The Government has provided Defendant with the

12    hundreds of thousands of complaints received by America Online and the Federal Trade

13    Commission, and Defendant may review those documents to understand why the header

14    information was allegedly materially false.   Defendant may review the records of domain

15    name registrar Intercosmos, supplied by the Government, to understand why the domain

16    name registration information was allegedly materially false.   While there is little or no

17    caselaw regarding material falsity under the CAN-SPAM Act, the statute clearly defines

18    header and domain name registration information as materially falsified when it is:

19    altered or concealed in a manner that would impair the ability of a recipient of
      the message, an Internet access service processing the message on behalf of a
20    recipient, a person alleging a violation of this section, or a law enforcement
      agency to identify, locate, or respond to a person who initiated the electronic
21    mail message or to investigate the alleged violation.

22    18 U.S.C. § 1037 (d)(2).

23    **IT IS ORDERED** that Defendant Jeffrey Kilbride's Renewed Motion for a Bill of

24    Particulars (Dkt. #166) is **denied**.

25    DATED this 24th day of April, 2007.

26

27

28    _____
      David G. Campbell
      United States District Judge

- 4 -