**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-05-870-PHX-DGC |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) ) | |
| Jennifer R. Clason; Jeffrey A. Kilbride; and James R. Schaffer, | ) ) ) | |
| Defendants. | ) ) ) | |

Defendant Jeffrey Kilbride has filed a Motion for Leave to File an Ex Parte Application for the Issuance of Subpoenas pursuant to Federal Rule of Criminal Procedure 17(c). Dkt. #169. The Government has filed a response in opposition to the ex parte nature of Defendant's application. Dkt. #175. For the reasons set forth below, the Court will allow Defendant to file his application ex parte. For reasons set forth in a sealed order, however, the Court will deny the application.

**I.    Discussion.**

The chief purpose of Rule 17(c) was to "expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Rule 17 was not intended to displace Rule 16, which provides a limited right to discovery in criminal cases, by allowing discovery in the broadest terms. *Id.*

To ensure that Rule 17(c) is used narrowly, the Supreme Court devised a standard regarding the pretrial production of evidence pursuant to Rule 17(c). Such production is appropriate only when the moving party can show

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699 (1974). In other words, the requesting party "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Id.* at 700.

There is no general consensus among courts, and no authority binding on this Court, as to whether applications for Rule 17(c) subpoenas may be filed ex parte. The Government argues that the text of Rule 17(c) does not provide for ex parte proceedings because Rule 17(b) contains the term "ex parte" while 17(c) does not, and because Rule 17(c)'s provision for motions to quash shows that the drafters contemplated an adversarial process. Dkt. #175 at 6-7. These arguments, along with the cases cited by the Government, have been addressed by two comprehensive and well-reasoned district court decisions. *See United States v. Beckford*, 964 F.Supp. 1010 (E.D.Va. 1997); *United States v. Tomison*, 969 F.Supp. 587 (E.D.Cal. 1997). These decisions conduct a thorough analysis of the text and history of Rule 17 and conclude that applications for Rule 17(c) subpoenas may be filed ex parte. *Beckford*, 964 F.Supp. at 1027-29; *Tomison*, 969 F.Supp. at 590-94. For the reasons stated in these cases, the Court concludes that Rule 17 does not preclude Defendant from filing his Rule 17(c) application ex parte.

The Government argues that allowing Defendant to file his application ex parte "would set a dangerous precedent and would likely lead to similar motions from other criminal defendants." Dkt. #175 at 11. But this is not the first time a court has allowed a party to file a subpoena application ex parte. *See, e.g., United States v. Daniels*, 95 F.Supp.2d 1160, 1162-63 (D.Kan. 2000); *Tomison*, 969 F.Supp. 587; *Beckford*, 964 F.Supp. 1010; *United States v. Jenkins*, 895 F.Supp. 1389, 1396-97 (D.Haw. 1995). Recognizing that

ex parte applications for Rule 17(c) subpoenas should be permitted only in limited circumstances, the Court concludes that allowing Defendant's application to be filed ex parte in this case will not set a dangerous precedent that "would ultimately lead to discovery in criminal cases being akin to that in civil lawsuits between corporations alleging cross-claims such as breach of contract and negligence." Dkt. #175 at 11.

The Government further argues that First Amendment concerns are triggered by ex parte subpoena applications. Dkt. #175 at 12. While there is a right of access to court proceedings, the right is not absolute. The Court agrees with the decision in *Tomison* that a "public right of access is simply insufficient to deny the defendant the opportunity to proceed ex parte under Rule 17(c) where the court finds that an ex parte application is necessary to preserve the defendant's overriding constitutional right to the court's process without revealing his trial strategy." 969 F.Supp. at 595.

In *Beckford*, the court concluded that ex parte proceedings would be appropriate "[i]n those rare situations where mere disclosure of the application for a pre-trial subpoena would: (i) divulge trial strategy, witness lists or attorney work-product; (ii) imperil the source or integrity of subpoenaed evidence; or (iii) undermine a fundamental privacy or constitutional interest of the defendant[.]" 964 F.Supp. at 1030. The Court has reviewed Defendant's ex parte application and concludes that allowing the Government to view the application would divulge Defendant's trial strategy, possibly infringing his constitutional rights. The Court will allow the application to be filed ex parte.[1]

**IT IS ORDERED** that Defendant Jeffrey Kilbride is permitted to file an Application for the Issuance of Federal Rule of Criminal Procedure 17(c) Subpoenas on an ex parte basis. Defendant's motion to seal (Dkt. #169) is **granted**.

---

[1] The Government makes a variety of other arguments that pertain to whether the Court should grant Defendant's application, not to whether the application may be filed ex parte. Because the Court will deny the application, the Court need not address these arguments.

1     DATED this 23rd day of April, 2007.

*[signature: Daniel G. Campbell]*

David G. Campbell
United States District Judge