**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,           )<br>                                                )<br>           Plaintiff,                       )<br>                                                )<br> vs.                                            )<br>                                                )<br>Jeffrey A. Kilbride (2), James R.    )<br>Schaffer (3),                              )<br>                                                )<br>           Defendants.                  )<br>_____) | CR 05-870-PHX-DGC<br><br>**ORDER** |

The Court held a final pretrial conference on June 1, 2007. Several issues were addressed and taken under advisement. This order will address those matter.

1.  As noted in a recent order, Defendant Schaffer argues that foreign bank records should be excluded from evidence because the Government did not provide the notice required by 18 U.S.C. § 3505(b) until several weeks before trial. Dkt. #243 at 17-18. This argument is not well taken. Section 3505(b) does not provide for the automatic exclusion of evidence. *United States v. Newell*, 239 F.3d 917, 921 (7th Cir. 2001); *United States v. Abrego*, 141 F.3d 142, 176-77 (5th Cir. 1998). "The remedy for a violation of section 3505(b) is to object at trial on the ground of prejudice resulting from the violation." *Newell*, 239 F.3d at 921.

The Court concludes that Defendants will not be prejudiced by the Government's use of the foreign bank records. Defense counsel acknowledged during the final pretrial conference that the Government produced the records to Defendants in early 2006, substantially more than one year before trial. In addition, the Indictment specifically

1  identifies several foreign financial transactions as part of the criminal charges against
2  Defendants, putting Defendants on notice that the Government would seek to prove the
3  transactions at trial. Moreover, counsel for Defendant Schaffer stated at the final pretrial
4  conference that he has retained an expert who will address the foreign financial records. The
5  Court concludes that Defendant Schaffer has not been prejudiced by the Government's
6  failure to provide a formal notice before May of this year and that the foreign bank records
7  therefore should not be excluded from evidence on the basis of § 3505(b).

8  Defendant Kilbride objects to the Government's use of his testimony from the
9  suppression hearing in this case. This objection does not prevent the foreign bank records
10 from qualifying as business records under Rule 803(6), provided the Government does not
11 use the suppression hearing testimony at trial to establish any component of the business
12 records exception. The Government avowed that it would not use the hearing testimony in
13 that manner. Thus, Defendant Kilbride's objection to use of the foreign bank records has
14 been resolved.

15 The Court concludes that the foreign bank records identified in the Government's
16 motion in limine (Dkt. #216) may be conditionally admitted into evidence. The documents
17 satisfy Rule 803(6), but the Government must still show relevancy.

18 2. During the final pretrial conference, the parties addressed Defendant Kilbride's
19 amended request for voir dire re obscenity counts. Dkt. #238. The Court took this matter
20 under advisement and will now **deny** Defendant Kilbride's request. The Court concludes
21 that questions asked in the specific jury questionnaire adequately elicit information
22 concerning prospective jurors' views about and sensitivity to pornography.

23 3. At a hearing on May 30, 2007, the Government moved orally to strike
24 paragraphs 2(a) and 2(b) from Count Eight of the Indictment. Dkt. #1 at 15-16. The
25 Government also moved to amend the citation on page 17, line 15 of the Indictment from
26 subsection (ii) to subsection (i) of 18 U.S.C. § 1956(a)(2)(B). Defendants opposed both
27 changes, asserting that any substantive changes to the Indictment must be made by the Grand
28 Jury.

1    The Court will approve the change on page 17, line 15 of the Indictment from (ii) to
2 (i). Clear typographical errors in indictments may be corrected so long as they did not
3 mislead Defendants as to the charges against them and Defendants were not prejudiced by
4 the incorrect citations. *United States v. Lim*, 984 F.2d 331, 337 (9th Cir. 1993). In this case,
5 the language immediately preceding the statutory citation tracked subsection (i) word-for-
6 word. The typographical error was clear. Defendants were not misled concerning the nature
7 of the charges against them, and the Court concludes that they will not be prejudiced by this
8 correction.

9    Two issues are raised by the Government's request to drop paragraphs 2(a) and 2(b)
10 from Count Eight. The first arises from the fact that these paragraphs, as well as paragraphs
11 2(c) and 2(d), are pled in the conjunctive, suggesting the Government must prove all four
12 paragraphs before Defendants can be found guilty of the charges in Count Eight. The Ninth
13 Circuit has made clear, however, that "[t]he government may charge in the conjunctive from
14 that which the statutes denounce disjunctively, and evidence supporting any one of the
15 charges will support a guilty verdict." *United States v. Abascal*, 564 F.2d 821, 832 (9th Cir.
16 1977). Thus, the Government need not prove each of the offenses specified in paragraphs
17 2(a)-2(d) in order to establish the conspiracy charged in Count Eight. Because proof of any
18 one of the offenses enumerated in these paragraphs will suffice, Defendants will not be
19 prejudiced by the Government's dropping of the charges in paragraph 2(a) and 2(b).
20 Defendants have not articulated some other ground on which they would be prejudiced by
21 such a change.

22   Second, dropping substantive charges appears to be a substantive amendment of an
23 Indictment, something that might be reserved to the grand jury. The Ninth Circuit has
24 instructed, however, that "[t]he current view of 'amending' an indictment is that matters of
25 form and surplusage may be 'read out' of the indictment by instruction to the jury if the
26 defendant is not prejudiced thereby." *Id.* at 832. Defendants' own authority, *United States*
27 *v. Pina*, 974 F.2d 1241 (10th Cir. 1992), states that an amendment to the form of an
28 indictment is permissible if it "does not mislead the defendant in any sense, does not subject

- 3 -

1 the defendant to any added burdens, and does not otherwise prejudice the defendant." *Id* at
2 1243. Defendants have not articulated any basis for the Court to conclude that they would
3 be prejudiced by the deletion of paragraphs 2(a) and 2(b) of Count Eight. And because
4 Defendants could be convicted of the charge in Count Eight even if the Government proved
5 only one of the offenses set forth in paragraphs 2(a)-2(d), the Court can see no prejudice from
6 this change.

7 Narrowing an indictment by dropping language can constitute error when the effect
8 of the change is to allege a lesser offense than the grand jury indicted. *United States v,*
9 *Aguilar*, 756 F.2d 1418, 1423 (9th Cir. 1985). Defendants do not contend that dropping
10 paragraphs 2(a) and 2(b) would have this effect. The charge in Count Eight will remain the
11 same. The focus of the trial will simply be on two possible underlying offenses rather than
12 four.

13 The Court will **grant** the Government's request to delete paragraphs 2(a) and 2(b)
14 from Count Eight of the Indictment. This will be done by instruction to the jury, not by
15 redactions of the Indictment.

16 4. At the final pretrial conference, the parties addressed the Government's motion
17 in limine to preclude evidence of so-called "comparables." Dkt. #217. Following argument
18 on the issue, counsel for Defendant Schaffer requested an opportunity to make a further
19 proffer of evidence on this subject. Counsel for the Government made the same request. The
20 Court will take this matter under advisement and consider any additional evidence or
21 arguments the parties wish to submit following the commencement of trial. Because the
22 matter is under advisement, however, counsel should not mention the comparables before the
23 jury until this issued has been resolved by the Court.

24 DATED this 4th day of June, 2007.

_____
David G. Campbell
United States District Judge

- 4 -