**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 05-870-PHX-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Jeffrey A. Kilbride (2), | ) | |
| Defendant. | ) | |

Defendant Kilbride has filed a motion to continue his sentencing until after completion of the pending criminal forfeiture proceedings. Dkt. #315. The Government has filed a response and Kilbride has filed a reply. Dkt. ##324, 325. For reasons set forth below, the motion will be denied.

Defendant Kilbride argues that his sentencing should be postponed because the presentence investigation process includes questions about his financial condition, he desires to answer those questions fully before sentencing, but he must invoke his privilege against self-incrimination with respect to such questions before completion of the forfeiture proceedings because his answers could result in a higher forfeiture penalty. The Government responds by arguing that Mr. Kilbride has no privilege against self-incrimination with respect to the forfeiture proceedings because he has been found guilty of all charges in the indictment. In support of this argument, the Government cites *United States v. Yerardi*, 192 F.3d 14 (1st Cir. 1999), a case which upheld a wife's assertion of the spousal testimony

1 privilege in a criminal forfeiture proceeding against her husband. According to the
2 Government, *Yerardi* held that the spousal testimony privilege could not be asserted with
3 respect to criminal forfeiture proceedings, but could be asserted with respect to possible
4 future criminal prosecution of the husband. But this holding in *Yerardi* was based on the
5 narrow nature of the spousal testimony privilege and the fact that the husband had consented
6 to the criminal forfeiture. *Yerardi* does not address the broader constitutional privilege
7 against self-incrimination, and certainly does not hold that the constitutional privilege is
8 unavailable in criminal forfeiture cases. The only other case cited by the Government, *Ware*
9 *v. United States*, 124 F. Supp.2d 590 (N.D. Tenn. 2000), concerns double jeopardy, not the
10 privilege against self-incrimination.

11 Courts have applied the privilege against self-incrimination in criminal forfeiture
12 proceedings, and often must distinguish between criminal and civil proceedings. *See, e.g.,*
13 *United States v. Ward*, 448 U.S. 242, 252-53 (1980). In this case, the forfeiture sought by
14 the Government is clearly criminal. The Government seeks forfeiture in the indictment under
15 the criminal provisions of the CAN-SPAM Act. *See* Dkt. #1; 18 U.S.C. § 1037(c).

16 Defendant Kilbride has asserted his privilege against self-incrimination throughout
17 this case. The Court has difficulty accepting the Government's argument that the privilege
18 disappeared when the jury returned a guilty verdict. Statements by Kilbride regarding his
19 financial condition could result in a more severe criminal penalty, a risk that seems to fall
20 squarely within the scope of the privilege. The Court need not engage in a detailed analysis
21 of this question, however, because it concludes that Defendant Kilbride's motion should be
22 denied even if his assertion of the privilege is valid.

23 Defendant Kilbride suggests that he will be willing to talk about his financial
24 condition once forfeiture is determined, but completion of the forfeiture proceedings will not
25 eliminate the risk that Kilbride's statements about his financial condition might result in a
26 higher forfeiture penalty. Rule 32.2(e) of the Federal Rules of Criminal Procedure
27 specifically provides that the Government may seek amendment of an order of forfeiture to
28 include property that "was located and identified after that order was entered." Fed. R. Crim.

1  P. 32.2(e)(1)(A). Thus, even if the Court were to postpone Defendant Kilbride's sentencing
2  until after an order of forfeiture had been entered, any statements subsequently made by
3  Kilbride could be used by the Government to seek a change in the forfeited amount or assets.
4  *Id.* Indeed, the proposed order submitted by the Government in connection with its forfeiture
5  motion expressly reserves the right to seek an amendment under Rule 32.2(e). *See* Dkt.
6  #322-2.

7  Entry of a forfeiture order will not eliminate the prospect that Defendant Kilbride's
8  statements concerning his financial condition might result in a more severe financial penalty.
9  Defendant Kilbride will have the same incentive to assert the privilege after the Court's
10 forfeiture ruling as he has now. Because postponement of the sentencing will not eliminate
11 this impediment to Defendant Kilbride's discussion of his financial condition, the Court will
12 not postpone his sentencing.

13 **IT IS ORDERED** that Defendant Jeffrey Kilbride's Motion to Continue Sentencing
14 and Presentence Investigation Pending Criminal Forfeiture Proceedings (Dkt. #315) is
15 **denied**.

16 DATED this 30th day of August, 2007.

David G. Campbell
United States District Judge