1   **WO**

2

3

4

5              **IN THE UNITED STATES DISTRICT COURT**

6                  **FOR THE DISTRICT OF ARIZONA**

7

8   United States of America,                )   CR-05-870-PHX-DGC
                                             )
9              Plaintiff,                     )   **ORDER**
                                             )
10  vs.                                       )
                                             )
11  Jeffrey A. Kilbride (2); and James R.     )
    Schaffer (3),                             )
12                                            )
               Defendants.                    )
13  _____       )

14        Defendants have filed a Joint Motion for Stay of Enforcement of the Judgment of

15  Forfeiture and Criminal Monetary Penalties (Fines and Restitution) Pending Appeal.

16  Dkt. #394.  The Government has filed a response.  Dkt. #398.

17        To determine whether an order of forfeiture should be stayed, the Court must consider

18  four factors:  "(1) the likelihood of success on appeal; (2) whether the forfeited assets will

19  likely depreciate over time; (3) the forfeited assets' intrinsic value to the defendant (the

20  availability of substitutes); and (4) the expense of maintaining the forfeited property."

21  *United States v. Riedl*, 241 F. Supp. 2d 1079, 1082 (D. Hi. 2001) (citations omitted).  The

22  Court will address each of these factors.

23        1.    For reasons explained in the Court's previous orders, the Court concludes that

24  Defendants are not likely to succeed on appeal. *See* Dkt. ##334, 400. Defendants argue that

25  the Court should apply the test set forth in *United States v. Handy*, 761 F.2d 1279 (9th Cir.

26  1985), when addressing this element.  Even if the Court were to apply that standard,

27  however, the Court has already concluded that it cannot be satisfied by Defendants. *See*

28  Dkt. #400.

2.     The Court has authorized the Government to seize funds contained in an account at Stronghold Funding, Inc.  *See* Dkt. #368.  For reasons explained in the Government's response, it is possible that additional investments of these funds by Stronghold could result in the loss of monies.

3.     The Court has no basis for concluding that funds in the Stronghold account have intrinsic value to Defendants.  The account holds monetary investments, not items of personal or real property that have unique value to Defendants.

4.     The Government will incur expense if it is required to monitor the ongoing treatment of the funds in the Stronghold account, particularly given the investment of those funds in mortgage-related investments.

Considering all of these factors, the Court will not stay the preliminary order of forfeiture with respect to funds in the Stronghold account.  Dkt. #400.  Whether or not the Court will stay the forfeiture of any substitute assets that might be identified by the Government is a matter the Court will address if the Government makes the showing required to obtain substitute assets under 21 U.S.C. § 853(p).

**IT IS ORDERED** that Defendants' Joint Motion for Stay of Enforcement of the Judgment of Forfeiture and Criminal Monetary Penalties (Fines and Restitution) Pending Appeal (Dkt. #394) is **denied**.

DATED this 30th day of November, 2007.

David G. Campbell
United States District Judge