**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-05-870-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Jeffrey A. Kilbride (2); and James R. Schaffer (3), | |
| Defendants. | |

On June 26, 2009, the Court issued an order granting in part the Government's motion to amend the preliminary order of forfeiture to include certain substitute property. Dkt. #512 The Government has filed a motion for reconsideration of that order. Dkt. #513. Defendant Schaffer has filed a response. Dkt. #515. For reasons that follow, the Court will grant the motion in part and deny it in part.

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross*, 2008 WL 1776502, at *2. Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *Id.*; *see N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

| | |
|---|---|
| 1 | The Court stated in the June 26 order that upon entry of the order (1) "the United States/Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this order," (2) the United States "shall publish notice of this order and its intent to dispose of funds in such a manner as the United States/Attorney General (or a designee) may direct," and (3) the United States shall "provide written notice to any person known to have an alleged interest in the Substitute Property." Dkt. #512 at 8, ¶ 5. The Court agrees with the Government that the June 26 order should be unsealed to allow the Government to provide notice of the order to potential third parties. |

The Court also agrees with the Government that ancillary/third-party proceedings may proceed with respect to the Highlands Drive Real Property. The June 26 order stays the seizure of that property pending appeal (Dkt. #512 at 8-9, ¶ 4), but was not intended to also stay necessary ancillary/third-party proceedings related to the property.

The Government makes new arguments and requests in their motion for reconsideration relating to both the Highlands Drive Real Property and the Schaffers' personal property. Dkt. #513 at 2-3. The Government does not explain why it failed to make those arguments and requests in its initial motion and reply brief. *See* Dkt. #504-05, 511. The Court will not consider them for the first time on a motion for reconsideration. *See* LRCiv 7.2(g)(1); *Ross*, 2008 WL 1776502, at *2.

**IT IS ORDERED:**

1. The Government's motion for reconsideration (Dkt. #513) is **granted in part** and **denied in part** as set forth in this order.
2. The Clerk is directed to unseal the Court's June 26, 2009 order (Dkt. #512).

DATED this 4th day of September, 2009.

_____
David G. Campbell
United States District Judge

- 2 -